S. L. WILSON, Respondent, v. JESSE RUTHERFORD, Appellant.

### St. Louis Court of Appeals, February 23, 1897.

1. **Account, Assignment of:** EVIDENCE: INSTRUCTION. In a suit on an assigned account for work done on a well, the testimony of the assignor that defendant's brother employed him to do the work was not sufficient to connect defendant with the employment of the assignor, in the face of a ten years lease on the land given by defendant to his brother for his accommodation, and to have the land improved, yielding no rent; and the fact that defendant owned the land did not warrant the inference that the well was dug by his order, and was to be at his expense. In the absence of any evidence to support it, the court should have withdrawn the account from the jury, instead of submitting it to them by instruction for a finding.

2. ———: INSTRUCTION. An instruction for plaintiff which told the jury it was admitted that the work of plaintiff's assignor amounted to a certain sum, when there was no such admission in evidence, was erroneous.

3. ———: ———. An instruction given for defendant which did not convey to the jury all the law of the case was not the fault of the court.

4. ———: ———. Instructions offered for defendant, so framed as not to fit the facts of the case, were properly refused.

5. ———: EVIDENCE: TRIAL PRACTICE. The admission of evidence of the declaration of one, whereby it is sought to bind another, before proof is heard establishing *prima facie* such relation between the two as to render such declaration admissible, is a practice not to be commended.

*Appeal from the Lawrence Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED AND REMANDED.

*Henry Brumback* for appellant.

When one renders services for another without objection, such fact does not amount to an acceptance

of the services with a promise to pay for them. *Hartnett v. Christopher*, 61 Mo. App. 64; *Heimenz v. Goerger*, 51 *Id.* 586.

The instructions should be so framed as to aid the jury to understand the law of the case. *Stanley v. Depot Co.*, 114 Mo. *loc. cit.* 620.

The court should have told the jury what were the essential facts to be found under the pleadings to constitute a "joint engagement in the erection of the building." *Flint-Walling Mfg. Co. v. Ball*, 43 Mo. App. *loc. cit.* 510.

Every tenant repairs and improves upon his own responsibility, and no recovery could be had outside of an express promise. *Wilkerson v. Farnham*, 82 Mo. *loc. cit.* 678. See, also, *Kutter v. Smith*, 2 Wall. *loc. cit.* 500.

Defendant's ownership of the land, and of the house and well, does not create the relation of master and servant between him and Wilson, who was employed by his brother to work for him on the house, which the brother had agreed with defendant to construct, nor any character of liability between them. *Long v. Moore*, 107 Mo. 334, and cases cited.

A mere stranger can not intervene and claim, by action, the benefit of a contract between other parties. *Vrooman v. Turner*, 69 N. Y. 280.

*William B. Skinner* for respondent.

The entire record of the evidence at the trial not having been presented, this court should not reverse the judgment on the ground of the insufficiency of the evidence to support the finding of the jury. *Benbroke v. R. R.*, 32 Mo. App. 69; *Churchman v. Kansas City*, 49 *Id.* 371.

Wilson v. Rutherford.

BLAND, P. J.—This suit was begun before a justice of the peace in Lawrence county on the following accounts:

"BOWER MILL, MO.

"Work done for Mr. Rutherford on house in October and November, 1893:

| | |
|---|---|
| One ½ day hauling logs. . ...................................... | $  .50 |
| One ½ day sawing off logs............................. ............. | .50 |
| 2½ days hauling saw logs...... ....................... ........ | 2.50 |
| 4½ days hewing and fitting frame of house.... ............. ..... | 4.50 |
| 5 days work on house boxing and covering house ............... | 5.00 |
| 4 days flooring and finishing house.......... .................... | 4.00 |
|     No. days 17. | |
| Use of team hauling 3 days.................................... | 3.00 |
| | $20.00 |

| | |
|---|---|
| Work settled by note from S. L. Wilson to Tom Rutherford for work four dollars and fifty cents Jan. 22, 1895. . ............. | $ 4.50 |
| Money paid on work by Tom Rutherford January 30, 1895, five dollars and ninety-seven cents.................................. | 5.97 |
| Paid for Jesse Rutherford by Tom Rutherford balance on note.... | .90 |
| By account.... ...... ....................................... | 1.50 |
| | |
| Whole amount paid....................... ........ . ..... | $12.87 |
| Balance due on account January 30, 1895................. ...... | $ 7.13 |

"S. L. WILSON."

"BOWERS MILL, MO.,
"August 12th, 1894.

"Account against Jesse Rutherford and Tom Rutherford for work in well by Wm. L. Wilson, August 12th, one day; 13, one day; 14, one day; 15, one day; 16, one day; 17, one half day; 20, one day; 21, one day; 22, one day; 23, one half day at one dollar per day, Amount.................................................... $ 9.00

"W. L. WILSON.

"Account assigned over to S. L. Wilson,
"W. L. WILSON."

Summons was served upon both Tom and Jesse Rutherford. The verdict in the justice's court by the jury was against Jesse Rutherford alone for $16.13. Jesse Rutherford alone appealed. Upon a trial *de novo* in the circuit court, Wilson again recovered judgment, this time for $13.75. After an unsuccessful motion for new trial, Jesse appealed the case to this court.

It appears from the evidence that Jesse and Tom Rutherford are brothers; that Jesse was the owner of forty acres of unimproved land in Lawrence county, which he had verbally leased to his brother Tom for a term of ten years. The evidence on the part of respondent tends to prove that Jesse and Tom Rutherford, as a joint undertaking, erected a house upon this land. A well was also dug upon the premises. The individual account of S. L. Wilson (sued on) was for work and labor and team work in and about the erection of the house. The assigned account of W. L. Wilson, in suit, was for work in digging the well. The evidence of S. L. Wilson, respondent, was that he was employed by Tom Rutherford, but that he was told by Tom at the time of his employment that Jesse would pay him, and that he looked to both for payment, but entered the charge on his memorandum book of accounts against Jesse alone. There is practically no controversy over the fact that the work was done as charged by S. L. Wilson, and none as to its value. The value of the work done by W. L. Wilson is controverted, but not the fact that he did the work. It is also shown that Tom Rutherford is insolvent. Appellant's testimony tended to prove that Tom Rutherford erected the house on his own account, and dug the well on his own account; that he was to do these things under his contract of lease; that Jesse furnished some lumber and nails for the construction of the house, and furnished the material, and paid for the erection of a chimney or flue, all amounting to some $30, for which Tom Rutherford gave Jesse his note. The evidence of W. L. Wilson was to the effect that about a year before the well was dug he was on the premises, and that Jesse pointed out the spot where he wanted a well dug, and that Wilson "witched" around and told Jesse that there was a weak vein of water there; that

Tom Rutherford employed him to help work on the well; that Jesse was there once or twice while he was at work, and that after he quit work he saw Jesse helping Tom work on the well.

The court gave the following instructions for the respondent:

"1.  The court instructs the jury that if you believe from the facts and circumstances in evidence that the plaintiff, S. L. Wilson, performed labor upon the house erected upon the lands of the defendant, Jesse Rutherford, to the amount of twenty dollars, and that he was employed to perform said work by defendant or by Thomas Rutherford for defendant, or that Thomas Rutherford was jointly engaged with Jesse Rutherford in the erection and building of said house, then you will find for the plaintiff for said twenty dollars, less such sum as you may find from the evidence that said S. L. Wilson may have received thereon from either Jesse or Thomas Rutherford; and if, from the evidence, you further find that the witness W. L. Wilson was employed to work on the well dug on the lands of defendant by defendant or by Thomas Rutherford for defendant, and that his account for such labor had been transferred to the plaintiff before the commencement of this suit, then you will find for the plaintiff in such sum as you may find from the evidence such labor was reasonably worth, not exceeding nine dollars."

"2.  The court instructs the jury that it is admitted in this case that the plaintiff's work on the house amounts to twenty dollars, and you must find for the plaintiff for that sum on account of his labor, less such sum as you may find from a preponderance of the evidence he has received thereon, unless you further find that the defendant was not jointly interested in the erection of the house, or did not authorize or consent

to Thomas Rutherford employing plaintiff to perform said labor in his behalf."

"III. In determining whether Thomas Rutherford was authorized by defendant, Jesse Rutherford, to employ plaintiff to work on the house in question for defendant and whether or not Jesse Rutherford was engaged jointly with Thomas Rutherford in erecting and building said house, you will take into consideration all the facts and circumstances proven in evidence."

The court gave the following instruction asked by appellant:

"IV. Although you may believe from the evidence that Jesse Rutherford owned in fee and had leased to Thomas Rutherford for a term of years the land upon which was built the house and dug the well in the statement; and may further believe that such house and well were to remain on said land and at the end of the term of said lease to Thomas were to be the property of said Jesse; yet such facts would not render Jesse liable to pay for any part of such work."

And refused the following instructions:

"V. Although you may believe from the evidence that Jesse Rutherford owned a tract of land in fee and leased it for a term of years to his brother, Thomas Rutherford, and that by the terms of such lease said Thomas was to build thereon a house and dig a well and at the end of the lease the said house and well were to remain and were to be the property of Jesse, yet all these facts did not render Jesse and Thomas partners in such matters nor render Jesse liable for any contracts Thomas may have made with S. L. Wilson to work on such house, and you must find for Jesse Rutherford, the defendant, unless you believe from the evidence that Jesse Rutherford himself before the work

was done employed said W. L. Wilson or said S. L. Wilson to do such work."

"VI.    The court instructs you that no person can be held upon any special promise to answer for the debt, default or miscarriage of any other person, unless some memorandum or note of such promise shall be made in writing and be signed by the person to be charged therewith or by some person by him lawfully authorized thereto; and even though you may believe from the evidence in this case that the defendant Jesse Rutherford may have promised the plaintiff that he would pay the debt sued upon, which had been contracted by the said Thomas Rutherford, yet such promise, if you believe from the evidence that any such was made, was not in writing, but verbally only, and in making up your verdict in this case you must disregard and pay no attention to such promise whether to allow or pay any sum or rate whatever."

"VII.    Although you may believe from the evidence that at the time Jesse Rutherford leased the land to Thomas Rutherford, or after such leasing, Jesse Rutherford may have agreed with Thomas Rutherford that he would aid him in building his house on the leased land, and although you may further believe that Jesse did buy and pay for the pine, lumber and the nails and glass and brick that were used in building such house, and did pay the mason for work done in building the flue, yet such facts do not bind Jesse to pay for work done by S. L. Wilson on the house or work done by W. L. Wilson in digging the well on the premises, and unless you believe from the evidence that Jesse Rutherford told S. L. Wilson and W. L. Wilson before they did such work that he would pay them therefor, you must find for the defendant."

Appellants assign as error the giving of instructions for respondent, and the refusal of instructions

Wilson v. Rutherford.

numbers 5, 6 and 7 asked by him, and the admission of improper evidence over his objections. There is no evidence in the record to support the account of W. L. Wilson as a charge against appellant. Wilson testified that Tom, not Jesse Rutherford, employed him to work on the well. This is not sufficient to connect Jesse with the employment of W. L. Wilson in the digging of this well. In the face of a ten year lease given by him on this land, for the accommodation of his brother, and to have the land improved, yielding no rent, the fact that Jesse owned the land is too slight to warrant the inference that this well was dug by the order, and to be at the expense of appellant. For want of evidence to support it, this account of W. L. Wilson's, assigned to the respondent, should have been withdrawn from the jury, instead of being submitted to them for a finding, as was done by the latter clause of instruction number 1 given for respondent. Instruction number 2, given for respondent, told the jury, that it was admitted that respondent's work amounted to $20. No such admission is in the record. Respondent's testimony that it amounted to that sum, it is true, was not denied by any witness, but his testimony was but evidence to be submitted to the jury, they might or might not believe him. Instruction number 4, given for the appellant, did not convey to the jury all the law of the case applicable to the defense; but this was not the fault of the court. Instructions 5 and 7, asked by appellant and refused, were so framed as not to fit the facts in this case, and were properly refused. With qualifications negativing the plaintiff's theory of the case, they would have presented all the law of the case applicable to the defense. Instruction

*Margin notes: EVIDENCE: instruction. INSTRUCTION. INSTRUCTION. INSTRUCTIONS.*

number 6 asked by appellant and refused, has no place in this case.

Respondent was permitted, over the objections of appellant, to testify to a conversation he had with Tom Rutherford at the time he (respondent) was employed by Tom to work on the well. In the conversation respondent testified that Tom told him Jesse would pay for his work. This evidence was inadmissible at the time it was offered, but whether this error was cured by the subsequent evidence tending to prove that the erection of the house was the joint undertaking of Jesse and Tom Rutherford, need not be decided. The practice of admitting evidence of the declarations of one, whereby another is sought to be bound, before the proof is heard establishing *prima facie* such a relation between the two, as to render such declaration admissible as evidence, is not to be commended.

*EVIDENCE: trial practice.*

Judgment reversed and cause remanded. All concur.